IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALTER DANIEL | : |
| Plaintiff, | : Civil Action File No.: |
| v. | : 5:15-CV-486(LJA) |
| PANERA, LLC. | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Walter Daniel ("Plaintiff"), and through the undersigned counsel of record, files this Complaint against Defendant Panera, LLC. ("Defendant"), showing the Court as follows:

### Jurisdiction and Venue

1.

Plaintiff brings this action for (1) violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* ("FLSA"), to recover unpaid, federally mandated overtime wages, and reasonable attorney's fees and costs. In addition to his federal causes of action, Plaintiff

asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C §1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

4.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. §1391 because Defendant is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**Parties**

5.

Plaintiff resides in Macon, Georgia.

6.

Defendant employed Plaintiff as a Baker in Defendant's franchise branch located at 181 Tom Hill Sr. Blvd Macon, GA 31210 from April 2010 until September 2015.

7.

At all times material hereto, Plaintiff has been an "employee" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

From on or about September 2012 until September 2015, Plaintiff has been "engaged in commerce" as an employee of Defendant as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207 (a)(1).

9.

From on or about September 2012 until September 2015, Plaintiff has been engaged in the "production of goods for commerce" as an employee of the Defendant as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207 (a)(1).

10.

Defendant is a corporation organized under the laws of the State of

Georgia.

11.

At all times material hereto, Defendant has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

12.

From on or about September 2012 until September 2015, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the 2) FLSA, § 7(a)(1), 29 U.S.C. § 207 (a)(1).

13.

During April 2012 until September 2015, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C § 203(s)(1)(A).

14.

During April 2012 until September 2015, Defendant had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During April 2012 until September 2015, Defendant had two or more "employees handling, selling or otherwise working on goods or materials

that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During April 2012 until September 2015, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Defendant is subject to the personal jurisdiction of this Court.

19.

At all times material hereto, Defendant, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

20.

At all times material hereto, Defendant did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 U.S.C. § 213(a).

21.

At all times material hereto, Defendant did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213(a).

22.

At all times material hereto, Defendant did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 U.S.C. § 213(a).

23.

At all times material hereto, Defendant did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213(a).

**FACTUAL ALLEGATIONS**

24.

On or about April 2, 2010, Plaintiff Daniel began working for Panera as a Baker.

25.

Plaintiff worked at Defendant Panera until September 27, 2015.

26.

During Plaintiff's employment, Plaintiff was regularly told to work off the clock between 2012 and September 2015.

27.

Plaintiff estimates that he worked between 10-15 hours of unpaid, off

the clock overtime per week between 2012 and September 2015.

## COUNT ONE
## FAILURE TO PAY OVERTIME AS TO DEFENDANT

28.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

29.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

30.

During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week.

31.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from September 2012 through September 2015.

32.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

33.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

34.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## COUNT TWO
## BREACH OF CONTRACT AS TO DEFENDANT

35.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

36.

Plaintiff and Defendant were parties to a contract of employment (hereafter "the Contract") from on or about September 2012 through September 2015.

37.

The Contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

38.

Defendant's failure to pay Plaintiff for work performed from on or about September 2012 through September 2015 constitutes a material breach of the Contract.

39.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT THREE
## QUANTUM MERUIT AS TO DEFENDANT

40.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

41.

From on or about September 2012 through September 2015, Plaintiff served as a Baker for Defendant.

42.

Plaintiff's service as a Baker for Defendant as described above was valuable to Defendant.

43.

Defendant requested Plaintiff's service as a Baker.

44.

Defendant knowingly accepted Plaintiff's service as a Baker.

45.

The receipt of Plaintiff's services as a Baker for Defendant without compensation would be unjust.

46.

Plaintiff expected to be compensated at the time he provided his services as a Baker.

47.

Plaintiff is entitled to recover from Defendant the reasonable value of the services he provided as a Plaintiff for Defendant, in an amount to be determined at trial.

### COUNT FOUR
### PROMISSORY ESTOPPLE AS TO DEFENDANT

48.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

49.

On September 2012, Defendant promised to pay Plaintiff in return for Plaintiff's service as a Baker for them.

50.

Defendant should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Plaintiff for Defendant.

51.

Defendant promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Plaintiff for Defendant, to his detriment.

52.

Plaintiff's service as a Baker for Defendant conferred a benefit on Defendant.

53.

Defendant failed to pay Plaintiff in accordance with their promise

54.

Plaintiff relied on Defendant's promise.

55.

Plaintiff's reliance on Defendant's promise was reasonable.

56.

Justice can only be avoided by enforcement of Defendant's promise.

57.

Plaintiff is entitled to recover from Defendant the reasonable value of the services he provided as a Plaintiff for Defendant, in an amount to be

determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant as follows:

(a) That Plaintiff's claims be tried before a jury;

(b) That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about September 2012 through September 2015 due under the FLSA, plus an additional like amount in liquidated damages;

(c) As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

(d) As to Count I,II,III,IV, that Plaintiff be awarded compensatory damages including lost wages and retirement and healthcare against the Defendants jointly and severally in an amount to be determined at trial; plus an additional like amount in liquidated damages, plus Plaintiff's reasonable attorney's fees and cost;

(e) That the Court order the reinstatement of Plaintiff to his former

position or provide Plaintiff front pay in lieu of reinstatement;

(f) That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial; (to be used in cases of: (1) breach of contract, (2) quantum meruit and (3) promissory estoppel);

(g) That Plaintiff be awarded costs of litigation, including his reasonable attorney's fees from Defendants; and

(h) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of December, 2015.

        **MOLDEN LAW, LLC**

        s/ Tremain C. Mattress
        Regina S. Molden
        Georgia Bar No. 515454
        Tremain C. Mattress
        Georgia Bar No. 940529
        Peachtree Center – Harris Tower
        233 Peachtree Street, N.E. Suite 1245
        Atlanta, Georgia 30303
        Telephone: (404) 324-4500
        Facsimile: (404) 324-4501
        Email: rmolden@moldenlaw.com
              tmattress@moldenlaw.com
        Attorneys for Plaintiff