# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

1.      This Settlement Agreement and General Release ("Agreement") is entered into by and between, on one hand, Walter Daniel ("Employee") and, on the other hand, Panera, LLC. ("Employer") (collectively, the "Parties") and all of its respective past and present parents, subsidiaries or affiliates, and its respective past or present predecessors, successors, assigns, representatives, managers, officers, directors, agents, and Employees.

2.      <u>Non-Admission.</u>  This Agreement does not constitute an admission by Employer of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.      Employee has filed a complaint styled *Walter Daniel v. Panera, LLC.*, Civil Action No. 5:15-cv-00486-LJA, which is currently pending in the United States District Court for the Middle District of Georgia (the "Lawsuit").  In the Lawsuit, Employee has asserted a claim for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.*, and related state law violations.  Employee and Employer desire fully and finally to resolve this and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Employee against Employer relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Employee represents that Employee has no other charges, actions, or claims pending on Employee's behalf, other than those set forth in this paragraph.

4.      <u>Payment to Employee.</u> In consideration for signing this Settlement Agreement and Mutual General Release and the fulfillment of the promises herein, Employer agrees to pay Employee and his counsel the total sum of EIGHT THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($8,500.00).  The payment shall be made in the following disbursements:

(a)      Within fourteen (14) calendar days of the last to occur of (i) receipt by Employer's counsel, Kristy Offitt, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street NE, Suite 4800, Atlanta, GA 30303, of a copy of this Agreement duly executed by Employee; (ii) the Court's approval of the settlement of this case; or (iii) receipt of all necessary IRS W-9 forms:

(i)      <u>Payment to Employee for Claim for FLSA Unpaid Overtime Wages Claim.</u> Employer agrees to pay Employee, as payment for claims for unpaid wages, the gross sum of TWO THOUSAND THREE HUNDRED AND FORTY EIGHT DOLLARS AND SIXTY EIGHT CENTS ($2,348.68), less all applicable withholding taxes and payroll deductions.  Employee agrees to complete any necessary IRS forms, as determined by Employer, prior to receipt of this payment.

(ii)      <u>Payment to Employee for Liquidated Damages for FLSA Unpaid Overtime Wages Claim.</u>  Employer agrees to pay the Employee, as payment for liquidated damages, the gross sum of TWO THOUSAND THREE HUNDRED AND FORTY EIGHT DOLLARS AND SIXTY EIGHT CENTS ($2,348.68).

_____
Employee
(Initials)

_____
Employer
(Initials)

Even though this Agreement provides for liquidated damages, Employer specifically denies any violations, or willful violations, of the FLSA.  Employee agrees to provide a completed IRS Form W-9 prior to receipt of this payment.

> (iii)    <u>Payment for Attorneys' Fees and Costs</u>.  As payment for attorneys' fees and costs, the gross and net sum of THREE THOUSAND EIGHT HUNDRED TWO DOLLARS AND SIXTY FOUR CENTS ($3,802.64) to Employee's attorneys, The Molden Law Firm (EIN _____)—Employee agrees to provide a completed IRS Form W-9 for his attorneys prior to receipt of this payment.

The above payments shall be inclusive of all claims for attorneys' fees and expenses.  The appropriate IRS form(s) shall be issued reflecting the payments.

5.    <u>Withdrawal of Claims</u>.  Prior to receipt of the payment specified in paragraph 4, Employee agrees to dismiss with prejudice the Lawsuit and any and all other claims, charges, or complaints that Employee has initiated or that others have initiated on Employee's behalf against Employer in any forum.  Employee will cooperate in the filing of all documents and other materials necessary to obtain Court approval of this settlement.

6.    <u>Waiver and Mutual Release of Claims</u>.  Employee, on behalf of Employee, Employee's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges without limitation Employer and all of its respective past and present predecessors, successors, assigns, representatives, managers, shareholders, owners, officers, directors, agents, employees, insurers, and insurers' representatives from any and all claims and rights of any kind that Employee may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way connected with Employee's employment with Employer, as of the date this Agreement is executed.  These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964; the Fair Labor Standards Act (including without limitation any claims for unpaid regular or overtime wages and any claim for retaliation or interference under that statute); 42 U.S.C. § 1981; the Equal Pay Act; the Americans With Disabilities Act; the Age Discrimination in Employment Act; Sections 503 and 504 of the Rehabilitation Act of 1973; Family Medical Leave Act; Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Older Workers' Benefit Protection Act; the Workers' Adjustment and Retraining Notification Act, as amended; and any state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local  fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees.

7.    <u>Non-Interference</u>.  Nothing in this Agreement shall interfere with Employee's right to file a charge, cooperate, or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission and/or state, county, or local fair employment practices agency, or other federal or state regulatory or law enforcement agency.  However, the consideration provided to Employee in this Agreement shall be the sole relief provided to

_____                                                                    _____
Employee                                                                 Employer
(Initials)                                                                   (Initials)

Employee for the claims that are released by Employee herein and Employee will not be entitled to recover and agrees to waive any monetary benefits or recovery against Employer in connection with any such claim, charge, or proceeding without regard to who has brought such Complaint or Charge.

8.      <u>Payment of Applicable Taxes</u>.  Employee is and shall be solely responsible for all federal, state, and local taxes that may be owed by Employee by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Employee agrees to indemnify and hold Employer harmless from any and all liability, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration paid to Employee under this Agreement only.

9.      <u>Confidentiality and Non-Disclosure</u>.   Employee shall not disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Employee has, or may have, that is subject to the release of claims contained in this Agreement, to anyone other than Employee's spouse, attorney, and/or tax and financial advisors, or pursuant to court order or subpoena, or as otherwise required by law.  Employee acknowledges and agrees that the Company would be irreparably harmed if Employee breached this paragraph, and that the amount of damages that would result to the Company from such a violation may be difficult or impossible to ascertain.  Should Employee disclose information about this Agreement to Employee's spouse, attorney, and/or tax and financial advisors, Employee shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law.  If Employee is asked about his Complaint or about Employee's claims against Employer, Employee will respond by saying, "The matter has been dismissed."  In the event that Employee is compelled by legal subpoena or court order to provide information covered by this paragraph, Employee agrees to immediately notify Employer through its attorney, Kristy Offitt, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street, N.E., Suite 4800, Atlanta, GA 30303.  Employee's obligations in this paragraph shall survive and are not affected by the necessity to file any documentation or to disclose any information related to the Lawsuit in order to achieve Court approval of this settlement.

10.     <u>Transfer of Claims</u>.  Employee represents and warrants that Employee has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim.  Employee agrees to indemnify and hold Employer harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action, or judgments based on or arising out of any such assignment or transfer.  Employee further warrants that there is nothing that would prohibit Employee from entering into this Agreement.

11.     <u>No Re-Employment.</u>  Employee hereby understands and agrees that Employee will not be re-employed by Employer in the future, and that Employee will never knowingly apply to Employer, and any of its subsidiaries, affiliates, parents or divisions for any job or position in the future.  Employee agrees that if Employee knowingly or unknowingly applies for a position and is

_____
Employee
(Initials)

_____
Employer
(Initials)

offered or accepts a position with Employer and any of its subsidiaries, divisions or affiliates, the offer may be withdrawn and Employee may be terminated without notice, cause, or legal recourse.

12.    Non-Disparagement and Incitement of Claims; Neutral Reference.

(a) Employee agrees that Employee will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of Employer. In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement and Employee will be required to reimburse Employer for any and all compensation and benefits paid under the terms of this Agreement. Employee also agrees that Employee will not encourage or incite other current or former employees of Employer to disparage or assert any complaint, claim, or charge, or to initiate any legal proceeding, against Employer. The Parties agree that, to the extent Employee would like Employer to provide an employment reference for Employee, Employer will provide a neutral employment reference providing only Employee's positions held, dates of employment and rate of pay.

13.    Employee is Not Prevailing Party. Employee shall not be considered a prevailing party for any purpose.

14.    Enforcement. It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees.

15.    Entire Agreement. This Agreement contains the entire agreement and understanding between Employee and Employer with respect to any and all disputes or claims that Employee has, or could have had, against Employer as of the date this Agreement is executed, and supersedes all other agreements between Employee and Employer with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Employee and Employer.

16.    Severability. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Employee that is not invalid.

17.    Acknowledgement of Medicare's Interest and Indemnification and Release of Employer by Employee. This settlement is based upon a good faith resolution of a disputed claim. The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and to comply with both federal and state law. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this settlement, or Employee's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or

_____                                                           _____
Employee                                                             Employer
(Initials)                                                           (Initials)

ineffective, or in any way affect the finality of this settlement.  Employee represents and agrees that Employee will indemnify, defend and hold Employer harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages (including multiple damages) from Employer relating to Employee's alleged injuries, claims or lawsuit, Employee will defend and indemnify Employer, and hold Employer harmless from any and all such damages (including multiple damages), claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities. Employee agrees to waive any and all private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A), *et seq.*

18.   <u>Acknowledgement That Employee Not a Medicare Beneficiary, No Medical Claims Exist, and No Medical Expenses Paid by Medicare.</u>  Employee declares and expressly warrants that Employee is not Medicare eligible, that Employee is not a Medicare beneficiary, and that Employee is not within thirty (30) months of becoming Medicare eligible; that Employee is not 65 (sixty-five) years of age or older; that Employee is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that Employee has not received Social Security benefits for twenty-four (24) months or longer; and/or that Employee has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial.  Employee affirms, covenants, and warrants Employee has made no claim for illness or injury against, nor is Employee aware of any facts supporting any claim against, the released parties under which the released parties could be liable for medical expenses incurred by Employee before or after the execution of this agreement.  Because Employee is not a Medicare recipient as of the date of this release, Employee is aware of no medical expenses which Medicare has paid and for which the released parties are or could be liable now or in the future. Employee agrees and affirms that, to the best of Employee's knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist.

19.   **Employee's Acknowledgement.  Employee acknowledges that no representation, promise, or inducement has been made other than as set forth in this Agreement, and that Employee enters into this Agreement without reliance upon any other representation, promise, or inducement not set forth herein.   Employee further acknowledges and represents that Employee assumes the risk for any mistake of fact now known or unknown, and that Employee understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Employee also acknowledges the following: (a) that Employee has consulted with or has had the opportunity to consult with an attorney of Employee's choosing concerning this Agreement and has been advised to do so by Employer; and (b) that Employee has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Employee's own judgment and/or the advice of Employee's attorney.   Employee acknowledges that Employee has been given a reasonable time to consider the terms of this Agreement.  Employee acknowledges that Employee is getting more consideration under this Agreement than Employee is otherwise entitled.  Employee acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of Employee's individual benefits that may have been provided by Employer, including, but not limited to, retirement benefits.   Employee and Employer further**

Page 5 of 6

_____                                                          _____
Employee                                                          Employer
(Initials)                                                        (Initials)

**understand and acknowledge that they are only releasing claims in paragraph 6 of the Agreement that arose prior to the execution of this Agreement.**

20.    <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21.    <u>Choice of Law.</u>   This Settlement Agreement and Mutual General Release is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.

**WALTER DANIEL**                              **PANERA, LLC.**


_____     By: _____

Date:_____     Name:_____

                              Title:_____

                              Date:_____

_____                                          _____
Employee                                           Employer
(Initials)                                         (Initials)